LONG & LUDER, P.A.
9401 Indian Creek Parkway, Ste. 800
Overland Park, Kansas 66225-6287
(913) 491-9300 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **LONG & LUDER, P.A.**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**SLAGLE, BERNARD & GORMAN, A PROFESSIONAL CORPORATION**<br><br>　　　　　　　Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

1.　　Plaintiff Long & Luder, P.A. ("Long & Luder") is a business entity organized in the State of Kansas, in good standing, with its principal place of business in Overland Park, Kansas.

2.　　Defendant Slagle, Bernard & Gorman, A Professional Corporation ("Slagle Bernard") is a business entity organized in the State of Missouri, in good standing, with its principal place of business in Kansas City, Missouri.

## JURISDICTION AND VENUE

3.　　Jurisdiction is proper in this court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1332 because Long & Luder and Slagle Bernard are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.　　Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1) because defendant Slagle Bernard resides in this district.

## RELATIONSHIP BETWEEN THE PARTIES

5. In April 2008, Tracy Truitt, an attorney at the Polsinelli law firm, Frank Cucchiara and Bill McGriff were charged with the responsibility of recommending counsel to be retained by the Plaza Gardens on the Lake Condominium Association ("HOA") and the individual unit owners of the Plaza Gardens condominium complex in Camden County, Missouri (the "Condominium") to recover damages sustained by these parties related primarily to the defective design and construction of the Condominium (the "Lawsuit"). See, Affidavit of Tracey Truitt, attached hereto as **Exhibit A**.

6. Mr. Truitt was a unit owner and, necessarily, a member of the HOA at the time he Mr. Cucchiara and Mr. McGriff were searching for counsel to engage for the Lawsuit. See, **Exhibit A**.

7. Mr. Truitt also served on the Board for the HOA between October 2008 and October 2011 and acted as its corporate representative during the pendency of the Lawsuit. See, **Exhibit A**.

8. In carrying out his charge to recommend counsel for the HOA and unit owners, Mr. Truitt first inquired as to whether the Polsinelli law firm would be interested in handling the case and upon learning it was not, asked another Polsinelli attorney, Kevin Breer, for his recommendation. See, **Exhibit A**.

9. Mr. Breer recommended to Mr. Truitt that the HOA and unit owners retain an attorney specialized in representing homeowners' associations, and an attorney who specialized in construction litigation. He gave Mr. Truitt the names of Rod Hoffman of Slagle Bernard and Scott Long of Long & Luder. See, **Exhibit A**.

10. Mr. Hoffman was contacted first by the HOA to discuss the nature of the case. Mr. Long was also vetted through Mr. Hoffman by the HOA. See, **Exhibit A.**

2

11. After further investigation, Mr. Truitt and Mr. Cucchiara met with both Mr. Hoffman and Mr. Long and recommended to the HOA Board that Mr. Hoffman and Mr. Long be retained as counsel. See, **Exhibit A**.

12. On April 13, 2009 Mr. Hoffman inquired by email if Mr. Long would be agreeable to a fee splitting agreement of one-third to Slagle Bernard, one-third to Long & Luder, and one-third allocated according to their respective time invested in the case. See, Email string attached hereto as **Exhibit B**.

13. Mr. Long accepted Mr. Hoffman's proposal of April 13, 2009 based on Mr. Hoffman's representation that the Lawsuit and a previous matter involving The Village of Deer Creek condominiums were both referred to Mr. Long and his firm by Mr. Hoffman and/or Slagle Bernard. See, **Exhibit B**.

14. Slagle Bernard, through Mr. Hoffman, acknowledged in July 2009 that Long & Luder could do the lion's share of the work on the Lawsuit. See, **Exhibit B**.

15. At no time did the HOA Board or any of the unit owners, convey authority to Mr. Hoffman to refer the Lawsuit to another attorney. See, **Exhibit A.**

16. Neither Mr. Hoffman nor Slagle Bernard was responsible for Long & Luder being retained by the HOA or unit owners. See, **Exhibit A**.

17. Prior to be retained for the Lawsuit, the HOA had no relationship or affiliation with Mr. Hoffman or Slagle Bernard. Mr. Hoffman and Slagle Bernard were retained at or about the same time that Long & Luder were retained to pursue the Lawsuit. See, **Exhibit A**.

18. Mr. Truitt, as a unit owner and member of the HOA Board, had no knowledge of any referral-type arrangement being entered between Long & Luder and Slagle Bernard until recently. See, **Exhibit A.**

19. The Lawsuit was filed October 13, 2009 in Camden County, Missouri, case number 09CM-CC00376, by Michael Hughes, a former partner at Long & Luder.

20. Other than assisting with preparation of the first petition, Mr. Hoffman did not assist with the drafting of any of the other 112 pleadings filed by the Plaintiffs in the Lawsuit.

21. Of the eighty-six (86) depositions taken in the Lawsuit, Mr. Hoffman attended three (3) by himself on behalf of the Plaintiffs. Two of them involved producing individual plaintiff unit owners Vikram Shah and Susan Yohe. The third was of witness Allen Clayton, P.E. for which Mr. Hoffman did not take the lead and was provided an outline to use for his examination by Mr. Hughes.

22. Of the eighty-six (86) depositions taken, Mr. Hoffman attended a total of seven (7).[1]

23. Slagle Bernard had no financial responsibility for the Lawsuit and did not contribute to or monitor any of the litigation expenses.

24. On July 10, 2013, in preparation for mediation, Long & Luder requested a total amount of attorney fees Slagle Bernard had incurred on the Lawsuit since its inception in 2009. According to Mr. Hoffman, the total amount of attorney fees Slagle Bernard had incurred at that time was about $80,000.00. See, Email string attached hereto as **Exhibit C**.

25. The Lawsuit was scheduled for a three week jury trial to begin Tuesday October 1, 2013. After three and a half days of trial the Lawsuit was resolved through settlement on Friday October 4, 2013.

26. Neither Mr. Hoffman, nor any representatives from Slagle Bernard, prepared for or participated in the trial or negotiation of the settlement of the Lawsuit.

---

[1] Two of the witnesses, Michael Schlup and Tracey Truitt, had depositions that spanned more than one day. Despite attending two sessions, those depositions were counted as one for purposes of allegation 22.

4

27. Because Slagle Bernard may claim or assert that Long & Luder is obligated to pay it a referral fee there is an actual controversy between Long & Luder and Slagle Bernard.

**FRAUDULENT INDUCMENT**

28. Mr. Hoffman is an agent and representative of Slagle Bernard, authorized to act on its behalf.

29. Mr. Long is an agent and representative of Long & Luder, authorized to act on its behalf.

30. Slagle Bernard's representation that it referred the Lawsuit to Long & Luder was a false, material representation that it either knew was false or was ignorant as to its truth.

31. Slagle Bernard intended that Long & Luder act upon its representation that it referred the Lawsuit in agreeing to pay a referral fee.

32. Long & Luder was ignorant of the falsity of Slagle Bernard's representation that it referred the Lawsuit at the time it agreed to Slagle Bernard's **Exhibit B** proposal of April 13, 2009.

33. It was not until just before trial of this year, through statements attested to by Mr. Truitt in **Exhibit A**, that Long & Luder learned of the falsity of Slagle Bernard's representation that it referred the Lawsuit.

34. Long & Luder was within its right to, and did, rely on the truth of Slagle Bernard's representation that it referred the Lawsuit in agreeing to Slagle Bernard's **Exhibit B** proposal of April 13, 2009.

35. As a proximate result of Slagle Bernard's false representation, Long & Luder was fraudulently induced into agreeing to pay a referral fee consistent with Slagle Bernard's **Exhibit B** proposal of April 13, 2009.

5

## SUPREME COURT RULES OF PROFESSIONAL CONDUCT

36. Supreme Court Rule of Professional Conduct Rule 4-1.59(e) provides as follows:

    A division of a fee between lawyers who are not in the same firm may be made only if:

    (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

    (2) the client agrees to the association and the agreement is confirmed in writing; and

    (3) the total fee is reasonable.

37. The comments to Supreme Court Rule of Professional Conduct Rule 4-1.59(e) define "joint responsibility" for the representation as entailing "financial and ethical responsibility for the representation as if the lawyers were associated in a partnership."

38. Supreme Court Rule of Professional Conduct Rule 4-5.1 addresses the responsibilities of partners and requires them to, in part, make reasonable efforts to ensure that other lawyers conform to the Rules of Professional Conduct.

39. *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 432 (8th Cir. 2010) held that under Missouri law, "if two attorneys from different firms wish to share the fees generated from a single case, they may do so 'only if based on a sharing of services or responsibility.'"

40. *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 432, 434 (8th Cir. 2010) held that the joint responsibility requirement of the Missouri rule of professional conduct regarding sharing of attorney fees requires the written agreement itself to inform the client that each lawyer would assume joint responsibility for the case.

41. Slagle Bernard's proposal memorialized in **Exhibit B** did not inform the plaintiffs in the Lawsuit that each lawyer or law firm would assume joint responsibility.

6

42. The plaintiffs in the Lawsuit were at no time informed in writing that Slagle Bernard and Long & Luder would assume joint responsibility for the Lawsuit or that a fee-splitting arrangement such as that memorialized in **Exhibit B** was proposed and agreed to.

43. Slagle Bernard's contribution to the Lawsuit did not rise to a level such that it shared financial and ethical responsibility for the representation as if it were associated with Long & Luder in a partnership.

44. Slagle Bernard's proposal memorialized in **Exhibit B** is not based exclusively on a sharing of services or joint responsibility. It is based on a purported referral of the case to Long & Luder.

## DECLARATORY RELIEF REQUESTED

45. The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

46. Plaintiff seeks the court's declaration and judgment that:

   A. Plaintiff does not have to share with defendant any portion of attorney fees awarded to it for services provided in conjunction with the Lawsuit as proposed in **Exhibit B**, because

   B. The referral fee agreement, **Exhibit B**, is disaffirmed and rescinded, for being fraudulently induced by defendant; and

   C. The referral fee agreement, **Exhibit B**, is unenforceable as a matter of law for failure to comply with the Missouri rules of professional conduct.

WHEREFORE, plaintiff Long & Luder, P.A. respectfully requests the court's declaratory judgment for the relief requested herein, and for such other and further relief as may be just and equitable under the circumstances.

Plaintiffs designate Kansas City as the place of trial in this action.

Jury Demand: To the extent there are any issues in this action triable to a jury plaintiff hereby requests a jury trial as to those issues.

Respectfully submitted,

**LONG & LUDER, P.A.**

By: s/Burke D. Robinson
    Burke D. Robinson    MO#52953
    9401 Indian Creek Pkwy., Suite 800
    Overland Park, Kansas 66210
    (913) 491-9300 Telephone
    (913) 491-9323 Facsimile
    BRobinson@LLLaw.com
**ATTORNEYS FOR PLAINTIFF**