IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LONG & LUDER, P.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-01052-CV-W-GAF |
| | ) |
| SLAGLE, BERNARD | ) |
| & GORMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Presently before the Court is Plaintiff Long & Luder, P.A.'s ("Plaintiff") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. # 47). Defendant Slagle, Bernard & Gorman ("Defendant") opposes. (Doc. # 50). For the reasons set forth below, Plaintiff's Motion is GRANTED.

**DISCUSSION**

**I.      FACTS**

This case involves the division of a contingency fee recovered in a case handled jointly by Plaintiff and Defendant, two law firms. The clients in the underlying lawsuit entered into a contingency fee agreement (the "Agreement") with Plaintiff and Defendant to represent them and agreed that "[t]he two law firms engaged in this matter by Client shall share any fee received in this matter based on their respective contribution to the litigation, with the intention of each contributing equally to the work and expenses incurred." (Affidavit of Tracey Truitt ¶ 5; March 23, 2009, Agreement for Legal Services ¶ 6). The Agreement also stated that "[i]n determining the value of services provided . . . the parties hereto agree to the following hourly rates

1

applicable [sic]: Partners — $280.00 per hour, Associates — $225.00 per hour, and Paralegals — $95.00 per hour." (March 23, 2009, Agreement for Legal Services ¶ 11).

The underlying lawsuit settled on October 4, 2013. (Complaint ¶ 25). The total settlement was for $11,000,000; the contingency fee portion of the settlement was $3,933,959.44. (November 14, 2013, Email from Catchy Switzer to Scott Long). In its April 17, 2014, Order, the Court held that the Agreement was enforceable and that Plaintiff and Defendant would split the fee "'based on their respective contribution to the litigation.'" (Doc. # 43, p. 7 (quoting March 23, 2009, Agreement for Legal Services ¶ 6)). The Court stated that it would distribute the contingency fee when there was sufficient evidence of Plaintiff and Defendant's respective contributions to the underlying lawsuit. (*Id.* at 8).

Defendant claims it spent 457.80 total hours on the case. (Doc. # 48-1, pp. 9-15). This time was allocated as follows: Rodney J. Hoffman ("Mr. Hoffman"), a partner, worked 436.51 hours; JND, an associate, worked 20.09 hours; and CMG, a paralegal, worked 1.30 hours. (*Id.*). Defendant claims it drafted demand letters; performed legal research; conducted and attended an investigation concerning the property involved in the underlying lawsuit; communicated with the clients, condominium owners, and opposing counsel; participated in depositions; attended and participated in court hearings; attended counsel conferences; reviewed filings prepared by Plaintiff; and attended and participated in mediation. (Affidavit of Rod J. Hoffman ("Hoffman Aff.") ¶¶ 44-47, 51-61). Plaintiff claims that 112 pleadings were filed in the underlying lawsuit and that Defendant only assisted with preparing the initial Petition. (Affidavit of Scott Long ("Long Aff.") ¶ 5). Plaintiff states that Defendant did not directly participate in the trial and that Defendant attended and observed the trial from the public seating area of the courtroom. (Long Aff. ¶¶ 6-7).

Plaintiff claims it spent 3,450.90 total hours on the case. (Doc. # 48-2, p. 1-100). This time was allocated as follows: Scott Long ("Mr. Long"), a partner, worked 506.50 hours; Burke Robinson ("Mr. Robinson"), a partner, worked 506.50 hours; Mandy Shunk ("Ms. Shunk"), a paralegal, worked 260.50 hours; Lindsay Stamper ("Ms. Stamper"), a paralegal, worked 388.40 hours; and Wes A. Sechtem ("Mr. Sechtum"), listed as "Of Counsel" and who billed at the partner rate, worked 110 hours. (*Id.*). In addition, four "Miscellaneous Timekeepers" were listed at various rates: (1) a partner who worked 1,493.20 hours; (2) an associate who worked 41.90 hours; (3) a paralegal who worked 143.70 hours; and (4) someone who worked at a rate of $0, who worked .3 hours. (*Id.*). Plaintiff clarified that its timekeeping software defaults to a "Miscellaneous Timekeeper" for attorneys after they left the employ of Plaintiff. (Second Affidavit of Scott Long ("Second Long Aff.") ¶¶ 3-4). Mr. Long states that the 1,535.1 hours identified in (1) and (2) above are attributable to Michael Hughes ("Mr. Hughes"), a former partner at Plaintiff. (*Id.* ¶¶ 5, 9-10). Mr. Long also stated that Mr. Robinson was a partner at Plaintiff during all times he worked on the case. (*Id.* ¶ 11). Defendant claims Mr. Sechtem is a disbarred attorney. (Doc. # 50, p. 15). Plaintiff acknowledges that Mr. Sechtem is not currently a licensed attorney but that he researched and drafted briefs for Plaintiff on a contract basis, all of which was done under either Mr. Long or Mr. Robinson's direct supervision. (Second Long Aff. ¶¶ 6-7).

Plaintiff claims that some of Defendant's time should be disregarded and that only time entries that "'play[ed] a significant part in bringing about an end or result'" should be considered. (Doc. # 48, p. 14 (quoting *Webster's New Collegiate Dictionary* (1977)). Under this formulation, Defendant claims Plaintiff is entitled to $3,614,863.49 and Defendant is entitled to $276,281.62. (Doc. # 47, p. 2). Defendant argues that only lawyer, and not paralegal work,

3

should be considered and that, therefore, Plaintiff is entitled to $3,336,863.08 and Defendant is entitled to $597,096.36. (Doc. # 50, p. 19). Further, Plaintiff states that because the contingency fee has been deposited in an interest bearing account, each party should receive interest on their respective award in the same proportion as that awarded on the fee. (Doc. # 47, p. 3).

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of law." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990).

## III. ANALYSIS[1]

Under Missouri law, "[t]he interpretation of an unambiguous contract is a question of law suitable for a determination on summary judgment, as is the threshold issue of whether the

---

[1] "'Federal courts sitting in diversity apply the choice-of-law rules of the forum state.'" *H & R Block Tax Servs. LLC v. Franklin*, 691 F.3d 941, 943 (8th Cir. 2012) (quoting *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009)). Further, this lawsuit is contract based so Missouri choice-of-law looks to the Restatement (Second) of Conflicts of Law. *Frost v. Liberty Mut. Ins. Co.*, 828 S.W.2d 915, 920. The contract was entered into in Missouri, the underlying lawsuit occurred in the Circuit Court of Camden County, Missouri, and the parties do not dispute that Missouri law applies. Accordingly, the Court will apply Missouri law.

4

contract is ambiguous." *Monarch Fire Prot. Dist. of. St. Louis Cnty., Mo. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 935 (E.D. Mo. 2009) (citing *Bd. of Educ. of the City of St. Louis v. State*, 134 S.W.3d 689, 695 (Mo. Ct. App. 2004)). "'A contract is ambiguous when the terms are susceptible of more than one reasonable meaning.'" *Shaw Hofstra & Assocs. v. Ladco Dev., Inc.*, 673 F.3d 819, 825 (8th Cir. 2012) (quoting *Weitz Co. v. MH Wash.*, 631 F.3d 510, 524 (8th Cir. 2011) (applying Missouri law). "'An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract.'" *Baker-Smith Sheet Metal, Inc. v. Bldg. Erection Servs. Co.*, 49 S.W.3d 712, 716 (Mo. Ct. App. 2001) (quoting *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 337 (Mo. 1996)). However, "mere disagreements as to construction" of a contract is not enough for a contract to be ambiguous. *CB Comm. Real Estate Grp., Inc. v. Equity P'ships Corp.*, 917 S.W.2d 641, 646 (Mo. Ct. App. 1996).

Further, "[t]he trial judge is presumed to know the value of the services the attorney rendered and may establish the amount of the fee without the aid of evidence." *Ward v. Ward*, 640 S.W.2d 477, 478 (Mo. Ct. App. 1982); *Raines v. Raines*, 583 S.W.2d 564, 568 (Mo. Ct. App. 1979) ("The court is an expert on the reasonableness of attorney's fees and may make its award based upon that expertise."). As well as attorneys' fees, the trial court "is able to determine the reasonableness of paralegal fees." *Newport v. Newport*, 759 S.W.2d 630, 636 (Mo. Ct. App. 1988).

The Court previously held that Plaintiff and Defendant would split the contingency fee split in the underlying lawsuit "'based on their respective contribution to the litigation.'" (Doc. # 43, p. 7 (quoting March 23, 2009, Agreement for Legal Services ¶ 6)). The Agreement states that the value of services provided by partners is $280 per hour, the value of services provided by

5

associates is $225 per hour, and the value of services provided by paralegals is $95 per hour. (March 23, 2009, Agreement for Legal Services ¶ 11). Here the language of the contract states that Plaintiff and Defendant will split the fee based on their respective contributions. "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Local 513, Int'l Union Operating Eng'rs, AFL-CIO v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-1177 CAS, 2009 WL 151698, at *2 (E.D. Mo. Jan. 22, 2009) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). The Court finds that the language in the Agreement unambiguously means that each party should be compensated for all of its documented work on the underlying lawsuit. This is the only susceptible, reasonable meaning and, thus, the Court can allocate the contingency fee as a matter of law based on its expertise in the area of attorneys' fees.

Plaintiff argues that "the Court must demarcate between 'busy work' and substantive work that directly contributed to the success result obtained in the Underlying Lawsuit." (Doc. # 48, p. 13). To this end, Plaintiff argues the Court "need[s] to attach a relative value to the various services performed by the respective law firms." (*Id.* at 15). Plaintiff requests the Court disregard time Defendant spent in four categories: (1) reviewing matters (52.97 hours); (2) preparing for and attending depositions Plaintiff conducted (95.5 hours); (3) travelling to and attending the pretrial conference and trial (42.75 hours); and (4) time attributed to settlement (2.83 hours). (*Id.* at 17; Doc. # 48-13).

Plaintiff's argument demands too much. Plaintiff does not argue that Defendant did not actually spend its time as reported. Rather, Plaintiff wants the Court to sift through each of Defendant's time entries, which would require the Court to also sift through each of Plaintiff's

6

time entries, and individually judge whether each party's entry "'play[ed] a significant part in bringing about an end or result.'" (Doc. # 48, p. 14 (quoting *Webster's New Collegiate Dictionary* (1977)).

However, whether a lawyer's activity contributed to litigation should not be viewed only in light of the ultimate resolution of the case. Many of a lawyer's efforts, avenues of inquiry, and research often do not yield results that are directly applicable to the ultimate outcome but are still contributory to the lawsuit. Further, neither Plaintiff nor Defendant has presented any evidence that the clients in the underlying lawsuit ever voiced a complaint about either party's representation. Moreover, as this Court has previously noted, "'[j]udges are not like pigs, hunting for truffles'" and, "judges should not be forced to sift through countless time entries in an effort to fractionally decrease an award of attorney fees that otherwise seems fair and reasonable." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, No. 08-00906-CV-W-GAF, 2010 WL 1254581, at *3 (W.D. Mo. Mar. 24, 2010) (alteration in original) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Lastly, Plaintiff can hardly stand to complain of Defendant's time reviewing documents, since Plaintiff's time entries also reflect similar entries spent in review. Thus, Plaintiff and Defendant will split the contingency fee based on their respective contributions to the lawsuit, which is measured by considering all of their document work on the underlying lawsuit.

Thus, regarding Defendant, the Court finds that Mr. Hoffman, a partner, contributed 436.51 hours; JND, an associate, contributed 20.09 hours; and CMG, a paralegal, contributed 1.30 hours. (*See* Doc. # 48-1, pp. 9-15). Under the valuations set forth in the Agreement, this amounts to a contribution of $126,838.55.

Next, regarding Plaintiff, the Court finds that Mr. Long, a partner, contributed 506.50 hours; Mr. Robinson, a partner, contributed 506.50 hours; Mr. Hughes, a partner, contributed 1,535.1 hours; Ms. Shunk, a paralegal, contributed 260.50 hours; Ms. Stamper, a paralegal, contributed 388.40 hours; an unidentified paralegal contributed 143.70 hours; and Mr. Sechtum contributed 110 hours. (*See* Doc. # 48-2, p. 1-100; Second Long Aff. ¶¶ 5, 9-11). Plaintiff argues that because of Mr. Sechtum's experience in the legal field his work should be based on the partner rate. (Doc. # 51, pp. 15-16). The Court disagrees. While Mr. Sechtum contributed to the litigation, he is not allowed to practice law in Missouri. As such, it is inappropriate for his contribution to be accorded the same weight as that of a practicing lawyer. His contribution to the litigation is analogous to that of a paralegal, who is also not allowed to practice, and will be counted accordingly. Thus, Plaintiff contributed 2548 partner hours and 902.6 paralegal hours. Under the valuations set for the in the Agreement, this amounts to a contribution of $799,187.

Therefore, the total contribution to the litigation by both Plaintiff and Defendant was $926,025.55. Of this, Plaintiff contributed 86.3% and is therefore entitled to $3,395,121.49 of the $3,933,959.44 contingency fee recovered, and Defendant contributed 13.7% and is therefore entitled to $538,837.95.

## **CONCLUSION**

The Agreement provides that Plaintiff and Defendant should split the contingency fee recovered in the underlying lawsuit based on their respective contribution to the litigation. This is unambiguous and when construed includes all of the parties' documented work. Accordingly, for these reasons and the reasons set forth above, Plaintiff's Motion for Summary Judgment is GRANTED. The contingency fee recovered in the underlying lawsuit should be distributed as follows: Plaintiff is entitled to $3,395,121.49 and Defendant is entitled to $538,837.95. Further,

because the contingency fee has been deposited in an interest bearing account, each party should receive interest on their respective award in the same proportion as that awarded on the fee.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: June 26, 2014